#### IN THE UNITED STATES DISTRICT COURT
#### NORTHERN DISTRICT OF ILLINOIS
#### EASTERN DIVISION

| | |
|---|---|
| FREDRICK CLAIBORNE, M-228861 )<br>)<br>*Petitioner*, )<br>)<br>v. )<br>)<br>JOHN VARGA, Warden, )<br>)<br>*Respondent*. )<br>) | No. 20 C 407<br><br>Judge Virginia M. Kendall |

### MEMORANDUM OPINION AND ORDER

Petitioner Fredrick Claiborne seeks a writ of habeas corpus for alleged violations of his constitutional rights pursuant to 28 U.S.C. § 2254. For the reasons set forth below, his Petition [Dkt. 1] is denied.

### BACKGROUND

#### I. The Robbery and Subsequent Trial

On May 14, 2009, at about 2:00 a.m., Claiborne (then age 16) and Lorenzo Richardson approached victims, London Hall and Emma Beans, while they were seated in their vehicle, parked behind an apartment complex. *People v. Claiborne*, 2014 IL App (1st) 161940-U. Claiborne pulled out a gun and pointed it towards Hall's head, while Richardson ordered both victims to get out of the vehicle. (*Id.*) After they stepped out of the vehicle, Claiborne continued to point the gun at Hall's face from a distance of about two feet away, while Richardson went through Hall's pockets and stole his driver's license, social security card, cell phone, and money. (*Id.*) After taking Hall's belongings, Claiborne and Richardson escaped towards the front of the complex,

1

while the victims ran upstairs and called the police. (*Id*.) Officer A. Sinnot arrived at the scene and the victims provided him with details of the offense and a description of the perpetrators. (*Id*.)

Later that morning, Beans saw Claiborne and Richardson enter an apartment in the apartment complex. (*Id*. at 2.) Beans called the police again. (*Id*.) Officer Sinnott and another officer arrived on the scene around 4:40 a.m. and searched the apartment Beans directed them towards. (*Id*.) The officers found Claiborne and Richardson in the apartment bedroom near a milk crate that contained a loaded handgun and what was proven to be the driver's license, social security card, cell phone, and money belonging to Hall. (*Id*.) The officers lined up Claiborne and Richardson in the hallway, where Bean's identified them as the perpetrators and Claiborne as the gunman. (*Id*.) Both perpetrators were taken to the police station where the victims identified them again in a lineup. (*Id*.) Detective Manuel Escalante spoke with Claiborne on the day of his arrest and testified that after initially denying his involvement, Claiborne "admitted his participation in the offense." (*Id*.)

Claiborne pled not guilty, but following a bench trial on April 26, 2016, in the Circuit Court of Cook County, he was convicted of armed robbery with a firearm. (Dkt. 1 at 73; *People v. Claiborne*, 2014 IL App (1st) 161940-U.) The trial court found Claiborne guilty, in part, because they relied on testimony from Detective Escalante who alleged "that the petitioner confessed to committing the crime." (*Id*. at 2.) On May 24, 2012, Claiborne was sentenced to 25 years in prison. (*Id.*) He was given 10-years imprisonment for the robbery conviction and a mandatory 15-year sentence enhancement for his use of a firearm during the commission of the offense. (*Id.*)

## II. Claiborne's Direct Appeal

Claiborne directly appealed to the Illinois appellate court where he raised three issues: (1) whether his sentencing as an adult violated his state and federal constitutional rights; (2) whether

the mandatory sentence enhancement under 720 ILCS 5/18-2 was unconstitutional; and (3) whether the trial court abused its discretion by failing to consider mitigating evidence and applying its own emotional attachment to the case. (Dkt. 24-1; *People v. Claiborne,* 2014 IL App (1st) 121581-U.) On June 2, 2014, the Illinois Appellate Court affirmed his conviction and sentencing. (*Id.*)

Claiborne filed a petition for leave to appeal to the Illinois Supreme Court. (Dkt. 24-4; *People v. Claiborne*, 2015 IL 118089.) The petitioner raised three new issues: (1) whether the automatic transfer provision for 15 and 16 year old minors is constitutional; (2) whether the 15-year mandatory firearm enhancement in the armed robbery statute without regard to juvenile status is constitutional; and (3) whether a double enhancement is permissible when a trial court attaches a 15-year firearm enhancement to an increase in base sentence. (*Id.*) The petition was denied on January 28, 2015. (*Id.*)

On April 17, 2015, Claiborne petitioned the United States Supreme Court for a writ of certiorari. (Dkt. 24-5; *People v. Claiborne,* 2014 IL App (1st) 121581-U, *cert. denied*, 136 U.S. 401 (U.S. Nov. 2, 2015) (No. 14-9448). On November 2, 2015, his petition was denied. (*Id.*)

### III. Claiborne's Post-Conviction Proceedings

On March 3, 2016, the petitioner filed a *pro se* post-conviction petition in the Circuit Court of Cook County. (Dkt. 24-6; *People v. Claiborne,* 2016 IL Cir 10876-U.) Claiborne argued that he was deprived of his constitutional right to the effective assistance of counsel; his counsel failed to impeach state witnesses (including Detective Escalante) with inconsistent statements in the police reports; his appellate counsel was ineffective for failing to raise the trial counsel's ineffectiveness; and there was insufficient evidence of guilt. (*Id.*) On May 27, 2016, the trial court dismissed the petition as "frivolous and patently without merit" because the decisions his attorney

3

made at trial were strategic decisions and Claiborne did not raise the same issues on direct appeal. (*Id.*)

The petitioner appealed to the Illinois appellate court from the rulings on the petition. (Dkt. 24-8; *People v. Claiborne*, 2018 IL App (1st) 161940-U.) Claiborne argued that "his trial counsel was ineffective for failing to attack Detective Manuel Escalante's testimony with evidence of the detective's prior personal and professional misconduct." (*Id.*) On December 21, 2018, the appellate court affirmed the ruling, stating that the petitioner waived his right to make the argument because he did not include it in the post-conviction petition. (*Id.*)

Claiborne sought leave to appeal this decision to the Illinois Supreme Court. (Dkt. 25-1; *People v. Claiborne*, 2019 IL 124585-U.) On May 22, 2019, the court denied his petition for leave to appeal. (*Id.*)

### IV. Claiborne's Successive Postconviction Proceedings

On February 2, 2017, the petitioner requested leave to file a successive post-conviction petition in the Circuit Court of Cook County. (Dkt. 25-2; *People v. Claiborne* IL Cir 10876-U). Claiborne argued that he was not told about his right to a jury trial; he did not properly waive his right to a jury trial; and his trial counsel was ineffective for failing to protect his rights and failing to suppress his alleged confession. (*Id.*) The successive postconviction petition is currently pending. (*Id.*)

## DISCUSSION

### I. Procedural Default of Ineffective Assistance of Counsel Claim

Claiborne asks this Court to grant a writ of habeas corpus because his Sixth Amendment right to effective assistance of counsel was deprived. (Dkt. 1 at 5.) He alleges that he is being unlawfully held, in part, because his trial counsel failed to attack Detective Manuel Escalante's

4

testimony, despite there being "extraordinary, public record of Escalante's history of personal and professional misconduct." (*Id.*)

A writ of habeas corpus shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254 (1996). "The exhaustion rule in 28 U.S.C. § 2254(b), (c) requires a federal district court to dismiss a petition for a writ of habeas corpus containing *any* claims that have not been exhausted in the state courts." *Rose v. Lundy*, 455 U.S. 509, 510 (1982) (emphasis added). To exhaust a claim in state courts, Petitioner must "raise the issue at each and every level in the state court system" either at direct appeal or at post-conviction proceedings. *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004).

Petitioner alleges that he initially brought the habeas claim at his *pro se* post-conviction hearing and alleges that the claim was exhausted in Illinois courts. (Dkt. 1 at 12.) This assertion is incorrect. Claiborne argued for ineffective assistance of counsel in state trial and appellate courts, but the substance of each argument was different. At the trial court, Claiborne argued that Detective Escalante should have been impeached with inconsistent statements in police reports, whereas on appeal he argued that Detective Escalante should have been impeached with evidence of his prior "personal and professional misconduct." (*See* Dkt. 24-6; *People v. Claiborne,* 2016 IL Cir 10876-U; Dkt. 24-8; *People v. Claiborne*, 2018 IL App (1st) 161940-U.) Under Illinois law, Claiborne waived his right to raise the claim at the appellate level because he failed to raise the same specific claim at the trial level. *See Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007).

An application for a writ of habeas corpus shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless: (1) it was contrary to clearly established Federal law, or (2) resulted in a decision based on an unreasonable determination of facts in light of the evidence. 28 U.S.C. § 2254 (d). "When a state court resolves a federal claim

5

by relying on a state law ground that is both independent of the federal question and adequate to support the judgment, federal habeas review of the claim is foreclosed." *Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010); *see also Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *Woods v. Schwartz*, 589 F.3d 368, 373 (7th Cir. 2009). A state law ground is independent "when the court actually relied on the procedural bar as an independent basis for its disposition of the case" and adequate "when it is a firmly established and regularly followed state practice at the time it is applied." *Kaczmarek*, 627 F.3d at 592.

Claiborne argues that waiver of his habeas claim "was not an independent state ground . . . because it turned on a federal law question." (Dkt. 1 at 13). This argument fails because the state appellate court relied on the procedural ground of waiver, rather than addressing the merits of the claim. (Dkt. 24-8; *People v. Claiborne*, 2018 IL App (1st) 161940-U.) Furthermore, Claiborne alleges that the procedural default was not an adequate state ground for denying his habeas claim because "Illinois courts do not strictly or regularly apply this procedural bar." (Dkt. 1 at 14.) He cites to *Jones* to defend his argument, but fails to offer any evidence that the rule has been inconsistently applied since then. *People v. Jones*, 821 N.E.2d 1093 (Ill. 2004) (holding that state appellate courts are not allowed to excuse an appellant's waiver caused by their failure to raise an issue in their postconviction proceeding). Claiborne fails to offer any evidence that the state procedural bar was not regularly followed at the time the state appellate court enforced the waiver in 2018. As such, Claiborne has procedurally defaulted and fails to meet the exhaustion requirement under 28 U.S.C. § 2254(b), (c).

    **II.**    **Exceptions to Procedural Default**

A federal court may not "entertain a procedurally defaulted constitutional claim in a petition for a writ of habeas corpus" unless there has been: (1) a showing of cause and prejudice

to excuse the default; or (2) a demonstration that failing to consider the claim will result in a fundamental miscarriage of justice. *House v. Bell*, 547 U.S. 518, 536-37 (2006); *Crockett v. Hulick*, 542 F.3d 1183, 1193 (7th Cir. 2008).

To show cause and prejudice, Petitioner must show that there was an "'objective factor, external to [Petitioner] that impeded [his] efforts to raise the claim in an earlier proceeding.'" *Weddington v. Zatecky*, 721 F.3d 456, 465 (7th Cir. 2013) (quoting *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010)). Examples of cause include: (1) interference by officials making compliance impractical, (2) the factual or legal basis for the claim was not reasonably available to counsel, or (3) ineffective assistance of counsel. *McCann*, 474 F.3d at 930 (citing *McCleskey v. Zant*, 499 U.S. 467 (1991)).

Claiborne argues that he was barred from bringing the claim because of his indigence. (Dkt. 1 at 13.) He further asserts that had he not been indigent, "he would have had access to counsel when filing his initial postconviction petition, who could have easily used Google and Westlaw to access documents showing Escalante's misconduct, and easily identified ways that his history could be used to impeach Escalante." (Dkt. 1 at 14.) Under federal law, "there is no right to counsel in post-conviction proceedings," so Claiborne's indigence is irrelevant because he was not otherwise entitled to counsel. *Garza v. Idaho*, 139 S.Ct. 738, 749 (2019). Additionally, because Claiborne represented himself at his post-conviction proceeding, his ineffective assistance of counsel argument cannot be used to show cause and prejudice. This argument would only apply to his representation on direct appeal, which is not at issue in this case.

To show a fundamental miscarriage of justice, a petitioner must provide new evidence to support a claim of "actual innocence." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Claiborne fails to raise a fundamental miscarriage argument and fails to allege any facts to support his actual

innocence. The Court will not make the argument for him. *See Franklin v. Gilmore*, 188 F.3d 877, 884 (7th Cir. 1999) ("Franklin . . . does not make this argument and we will not make it for him.") Accordingly, Claiborne has not established a basis to raise a procedurally defaulted claim before this Court.

### III.  Certificate of Appealability

Petitioner may not appeal the final order on a § 2254 petition unless the Court issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(a). A court may issue a certificate of appealability only when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a certificate of appealability, Petitioner must demonstrate that reasonable jurists would find it debatable whether his Petition states a valid constitutional claim. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Claiborne has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Claiborne procedurally defaulted on his Sixth Amendment habeas claim and reasonable jurists would not debate whether to resolve his claim differently. *See Rutledge v. United States*, 230 F.3d 1041, 1047 (7th Cir. 2000). The Court declines to issue a certificate of appealability.

### CONCLUSION

For the foregoing reasons, the Court denies Claiborne's Petition [Dkt. 1] under 28 U.S.C. § 2254 and declines to issue a certificate of appealability under 28 U.S.C. § 2253(c)(2).

_____
Virginia M. Kendall
United States District Judge

Date: December 11, 2020